ZACHARY D. FASMAN (ZF-5380)
STEPHEN P. SONNENBERG (SS-4609)
GLENN S. GRINDLINGER (GG-7495)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES BONOMO,<br><br>      Plaintiff,<br><br>- against -<br><br>MITSUBISHI INTERNATIONAL CORPORATION,<br><br>      Defendant. | 07 Civ. 5967 (CM)<br><br>**ANSWER AND<br>AFFIRMATIVE DEFENSES** |

Defendant, Mitsubishi International Corporation ("MIC"), by its attorneys, Paul, Hastings, Janofsky & Walker LLP, answers the Complaint filed by Plaintiff James Bonomo (the "Complaint") herein as follows:

### THE PARTIES

1. MIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 1 of the Complaint. MIC denies the allegations contained in the third sentence of paragraph 1 of the Complaint; except it admits that Plaintiff is a former employee of MIC.

2. MIC admits the allegations contained in paragraph 2 of the Complaint.

## THE NATURE OF THE ACTION

3.  MIC denies the allegations contained in paragraph 3 of the Complaint; except it admits that Plaintiff purports to bring this action pursuant to the statutory provisions recited in paragraph 3 of the Complaint

## JURISDICTION AND VENUE

4.  MIC admits that Plaintiff has invoked the jurisdiction of the Court under the statutes referenced in paragraph 4 of the Complaint. The remainder of the allegations contained in paragraph 4 are legal conclusions to which no response is required.

5.  MIC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 5 of the Complaint.

6.  MIC admits that Plaintiff has laid venue in this district under the statute referenced in paragraph 6 of the Complaint. The remainder of the allegations in paragraph 6 are legal conclusions to which no response is required.

## FACTS

7.  MIC admits the allegations contained in the first sentence of paragraph 7 of the Complaint. MIC denies the allegations contained in the second sentence of paragraph 7 of the Complaint.

8.  MIC admits the allegations contained in the first sentence of paragraph 8 of the Complaint. MIC denies the allegations contained in the second sentence of paragraph 8 of the Complaint.

9.  MIC admits the allegations contained in paragraph 9 of the Complaint; except it denies that Mr. Furuichi was Mitsubishi Corporation's Manager of Communication Papers worldwide.

10. MIC denies the allegations contained in paragraph 10 of the Complaint; except it admits that Mr. Furuichi is a Japanese national, that he was employed by Mitsubishi Corporation ("MC") resident in its Tokyo office and that he had supervisory authority over some employees at MC but Mr. Furuichi did not have supervisory authority over Plaintiff.

11. MIC admits the allegations contained in the first sentence of paragraph 11 of the Complaint; except it denies that Yue Zhibo was Plaintiff's counterpart at MC's Beijing office. MIC denies the allegations contained in the second sentence of paragraph 11 of the Complaint.

12. MIC denies the allegations contained in paragraph 12 of the Complaint.

13. MIC denies the allegations contained in paragraph 13 of the Complaint.

14. MIC denies the allegations contained in paragraph 14 of the Complaint; except it admits that Plaintiff accompanied Mr. Furuichi, Mr. Yue and Mr. Zhang to a bathhouse.

15. MIC denies the allegations contained in paragraph 15 of the Complaint.

16. MIC denies the allegations contained in paragraph 16 of the Complaint; except it lacks knowledge or information sufficient to form a belief as to whether Plaintiff is of Italian descent.

17. MIC denies the allegations contained in paragraph 17 of the Complaint; except it admits that Plaintiff, Mr. Furuichi and Mr. Yue went to the locker room to shower before having a massage and that it lacks knowledge or information sufficient to form a belief as the bathhouse's requirements.

18. MIC denies the allegations contained in paragraph 18 of the Complaint.

19. MIC denies the allegations contained in paragraph 19 of the Complaint.

20. MIC denies the allegations contained in paragraph 20 of the Complaint.

21. MIC denies the allegations contained in paragraph 21 of the Complaint.

22. MIC denies the allegations contained in paragraph 22 of the Complaint; except it lacks knowledge or information sufficient to form a belief as to how Plaintiff may have felt.

23. MIC admits the allegations contained in the first sentence of paragraph 23 of the Complaint. MIC denies the allegations contained in the second sentence of paragraph 23 of the Complaint.

24. MIC denies the allegations contained in paragraph 24 of the Complaint.

25. MIC denies the allegations contained in paragraph 25 of the Complaint.

26. MIC denies the allegations contained in paragraph 26 of the Complaint.

27. MIC denies the allegations contained in paragraph 27 of the Complaint.

### FIRST CLAIM

(Violation of 42 U.S.C. § 1981)

28. MIC repeats and reiterates each and every of the above responses as if fully set forth herein in response to paragraph 28 of the Complaint.

29. MIC denies the allegations contained in paragraph 29 of the Complaint.

30. MIC denies the allegations contained in paragraph 30 of the Complaint.

31. MIC denies the allegations contained in paragraph 31 of the Complaint.

32. MIC denies the allegations contained in paragraph 32 of the Complaint.

33. MIC denies the allegations contained in paragraph 33 of the Complaint.

34. MIC denies the allegations contained in paragraph 34 of the Complaint.

## SECOND CLAIM

(Violation of New York State Human Rights Law)

35. MIC repeats and reiterates each and every of the above responses as if fully set forth herein in response to paragraph 35 of the Complaint.

36. MIC denies the allegations contained in paragraph 36 of the Complaint; except it admits that Plaintiff was an "employee" as defined under the New York State Human Rights Law.

37. MIC denies the allegations contained in paragraph 37 of the Complaint; except it admits that it is an "employer" as defined under the New York State Human Rights Law.

38. MIC denies the allegations contained in paragraph 38 of the Complaint.

39. MIC denies the allegations contained in paragraph 39 of the Complaint.

40. MIC denies the allegations contained in paragraph 40 of the Complaint.

41. MIC denies the allegations contained in paragraph 41 of the Complaint.

42. MIC denies the allegations contained in paragraph 42 of the Complaint.

## THIRD CLAIM

(Violation of New York City Human Rights Law)

43. MIC repeats and reiterates each and every of the above responses as if fully set forth herein in response to paragraph 43 of the Complaint.

44. MIC denies the allegations contained in paragraph 44 of the Complaint; except it admits that Plaintiff is a "person" as defined under the New York City Human Rights Law.

45. MIC denies the allegations contained in paragraph 45 of the Complaint; except it admits that Plaintiff is an "employer" as defined under the New York City Human Rights Law.

46. MIC denies the allegations contained in paragraph 46 of the Complaint.

47. MIC denies the allegations contained in paragraph 47 of the Complaint.

48. MIC denies the allegations contained in paragraph 48 of the Complaint.

49. MIC denies the allegations contained in paragraph 49 of the Complaint.

50. MIC denies the allegations contained in paragraph 50 of the Complaint.

51. MIC denies the allegations contained in paragraph 51 of the Complaint.

52. MIC denies that Plaintiff is entitled to the relief he seeks in the WHEREFORE paragraph of the Complaint that follows paragraph 51 of the Complaint as well as the WHEREFORE paragraph's subparts, A-D, of the Complaint.

WHEREFORE Defendant denies that Plaintiff is entitled to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

53. Plaintiff's claims for relief are barred because the Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

54. Plaintiff's claims for relief are barred, in whole or in part, to the extent they were not filed within the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

55. Plaintiff's claims for relief are barred, in whole or in part, to the extent Plaintiff failed to exhaust his administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims for relief are barred, in whole or in part, because at all times relevant to the Complaint, MIC acted towards Plaintiff in good faith, and had reasonable, legitimate, non-discriminatory and non-retaliatory reasons for each of the employment actions challenged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of estoppel, waiver, laches and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

58. Plaintiff lacks a good faith factual basis for his claims, in whole or in part, thereby entitling MIC to an award of attorneys' fees, costs, and expenses incurred in defending this action.

## SEVENTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff has not alleged facts sufficient to support an award of compensatory damages, punitive damages, and/or damages for any physical, mental or emotional injury.

## EIGHTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred because, to the extent such conduct may have occurred, MIC exercised reasonable care to prevent, investigate and promptly correct any discriminatory or harassing behavior and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by MIC, or to otherwise avoid harm.

### NINTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff unreasonably failed to avail himself of MIC's anti-discriminatory policies and procedures, which it maintains to prevent and/or to promptly correct alleged employment discrimination and/or retaliation.

### TENTH AFFIRMATIVE DEFENSE

62. Plaintiff's claims for relief are barred, in whole or in part, to the extent Plaintiff failed to mitigate any of the damages alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

63. Plaintiff's claims for damages (and certain categories of damages) are barred to the extent they are limited by the Civil Rights Act of 1991 and the New York City Administrative Code.

### TWELFTH AFFIRMATIVE DEFENSE

64. The actions and conduct alleged by Plaintiff do not rise to the level of actionable discrimination or harassment.

### THIRTEENTH AFFIRMATIVE DEFENSE

65. Plaintiff claims for relief are barred, in whole or in part, because MIC had no knowledge, constructive or actual, of the conduct or actions alleged by Plaintiff to constitute harassment.

### FOURTEENTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims for relief are barred, in whole or in part, because MIC engaged in good faith efforts to comply with applicable laws and otherwise acted within the

scope of the exceptions to vicarious liability for punitive damages enumerated by the Supreme Court in <u>Kolstad v. American Dental Association</u>, 527 U.S. 526 (1999).

### FIFTEENTH AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred, in whole or in part, by the New York State Workers' Compensation Act.

### SIXTEENTH AFFIRMATIVE DEFENSE

68. MIC reserves the right, pending the completion of discovery, to assert any additional defenses that may exist.

WHEREFORE Defendant Mitsubishi International Corporation respectfully requests that the Complaint be dismissed in its entirety and that MIC be awarded its attorneys' fees, costs, expenses, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 10, 2007

PAUL, HASTINGS, JANOFSKY
& WALKER LLP

By: Zachary D. Fasman (ZF-5380)
Stephen P. Sonnenberg (SS-4609)
Glenn S. Grindlinger (GG 7495)
75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Defendant,*
*Mitsubishi International*
*Corporation*

ZACHARY D. FASMAN (ZF-5380)
STEPHEN P. SONNENBERG (SS-4609)
GLENN S. GRINDLINGER (GG-7495)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES BONOMO,<br><br>                      Plaintiff,<br><br>    - against -<br><br>MITSUBISHI INTERNATIONAL CORPORATION,<br><br>                      Defendant. | 07 Civ. 5967 (CM)<br><br>**CERTIFICATE OF SERVICE** |

The undersigned member of the Bar of this Court hereby certifies that on **August 10, 2007**, by first class mail, he served a true and correct copy of **Defendant Mitsubishi International Corporation's Answer and Affirmative Defenses** on Jeffrey L. Liddle, Esq. and Christine A. Palmieri, Esq. of Liddle & Robinson, **Attorneys for Plaintiff**, at 800 Third Avenue, **New York, New York 10022**, the addresses designated by said attorneys for that purpose.

Dated: New York, New York
        August 10, 2007

                                                  _____
                                                  GLENN S. GRINDLINGER (GG-7495)

LEGAL_US_E # 76100167.1