*[handwritten, top of page:]* M, MAHON 5,

*[handwritten annotation across top:]* I will not sign a protective order that requires me to keep any portion of the record on a motion for summary judgment, any decision on such a motion, or any portion of a trial confidential absent a specific showing made to the court about why the matter is in fact confidential.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES BONOMO,

                Plaintiff,

        - against -

MITSUBISHI INTERNATIONAL
CORPORATION,

                Defendant.

07 Civ. 5967 (CM)

**STIPULATED PROTECTIVE ORDER**

MEMO ENDORSED

*[handwritten annotation, right margin:]* I will sign an order protecting material during the pretrial phase and limiting the parties who can see such material. Be guided accordingly.

---

      This matter came before the Court upon the parties' joint motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Upon consideration of the same, the Court finds that a legitimate need exists, pursuant to Fed. R. Civ. P. 26(c), to issue a protective order in order to expedite discovery, facilitate the prompt resolution of disputes over confidentiality, and protect the legitimate interests of all parties to the action.

      Therefore, good cause for the entry of this Protective Order having been shown, and pursuant to the Court's authority under Fed. R. Civ. P. 26(c), IT IS HEREBY ORDERED THAT:

      A.    <u>Limited Use of Discovery</u>.

           All information produced or discovered in this litigation shall be used solely for the prosecution or defense of this litigation, and shall not be used for business, competitive, personal, private, or public purposes, or any other purpose whatsoever. Documents that have not been designated as Confidential, as defined herein, may be used outside of this litigation only if they have become publicly available without a breach of the terms of this Order.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/07

LEGAL_US_E # 76594171

B.    Confidential Information.

1.    All parties hereby agree that all documents and information furnished by a party or non-party (collectively, "source") in conjunction with this litigation that contain or are derived from trade secrets; other confidential or proprietary research or development information; information concerning Mitsubishi International Corporation's ("MIC") internal policies, practices, and procedures; information concerning MIC's investigation into any employee complaints; information concerning MIC's revenues, sales, and profits, or other commercial, personal, and private information that is entitled to confidential treatment under the Federal Rules of Civil Procedure shall be designated Confidential ("Confidential information") and furnished to other parties pursuant to the terms of this Order.

2.    The provisions of this Order extend to all Confidential information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admission, those portions of deposition transcripts designated as Confidential, deposition exhibits, and any other materials produced by a party or non-party in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts, summaries, analyses, or other documents which reflect information contained in the foregoing materials.

C.    Designation of Confidentiality.

The parties and non-parties providing information in this action may in good faith designate as Confidential any document, as that term is defined in Fed. R. Civ. P. 34(a), as well as testimony or other discovery material containing information about Plaintiff's litigation against the Defendant, or any other Confidential information.  Documents produced in this

-2-

litigation may be designated by any party or non-party as Confidential within the meaning of this Order in the following ways:

      1.    In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on each page of any such document: "Confidential."

      2.    To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, databases, or programs stored on computers, discs, networks or tapes) is produced by any source in such form, the producing source may designate such material as Confidential by placing a "Confidential" label on the disk or tape containing the material.

      3.    To the extent that any party or counsel for any party creates, develops, or otherwise establishes any electronic or magnetic media, including any database, disc, or tape that contains information designated Confidential, that party and/or its counsel must take all necessary steps to ensure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential information.

      4.    All documents and materials filed with the Court containing or reflecting the contents of Confidential information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption, *James Bonomo v. Mitsubishi International Corporation*, 07 Civ. 5967 (CM), a generic designation of the contents, the words "CONFIDENTIAL INFORMATION SUBJECT TO COURT ORDER" and words in substantially the following form:

-3-

> By order dated [   ], the enclosed [name of document], or a
> portion thereof, has been filed under seal and may not be
> examined without further Court order.

No party or other person may have access to any sealed document from the files of the

Court without an order of the Court. The "Judge's Copy" of a sealed document may be opened

by the presiding U.S. District Judge, U.S. Magistrate Judge, law clerks, and other Court

personnel without further Order of the Court.

        5.    A party may also designate information disclosed at the trial or deposition

of any witness as "Confidential" (i) by so stating on the record following the particular testimony

the party wishes to so designate, or (ii) by notifying all parties, in writing, within twenty (20)

business days of such trial or deposition date or ten (10) business days of receipt of the trial or

deposition transcript (if ordered contemporaneously with the trial or deposition), whichever is

later, of the specific information that should be treated as Confidential.

        D.    Failure to Designate. Any Confidential information that inadvertently is produced

by a source without written notice or identification as Confidential may be so designated by that

source retroactively, provided that the source shall not claim that there has been a violation of

this Order if such material has been disclosed or made available in a manner other than as

provided in this Order prior to such designation.

        E.    Previously Disclosed Information. Any materials or testimony covered by this

Order and already produced in this case may be designated as such within ten (10) days of this

Order.

LEGAL_US_E # 76594170.2

F.    Use of Confidential Information.

1.    All Confidential documents, and the information contained in such documents, shall be (a) maintained in confidence and shall not be made available, shown, or otherwise communicated in any way to anyone except as specified herein; (b) used solely for the purpose of this lawsuit, including any appeals or settlement negotiations, and for no other purpose; and (c) disclosed only as necessary in this lawsuit by the parties and their counsel, and only in accordance with the terms of this Order.

2.    All Confidential information, documents, and testimony may be disclosed by counsel for the party who has received them subject to the provisions of this Order, and only to the following persons:

    a.    The Court, its officers and personnel, jurors, alternate jurors;

    b.    The attorneys of record in this action and inside counsel of a party or its affiliates with responsibility for this litigation, including their associated attorneys, legal assistants, and staff members working on the action to the extent reasonably necessary to render professional services in the action;

    c.    Any party or director, officer, or employee of a party who in good faith is required to be shown or questioned about such material in order to assist in the preparation or the conduct of this litigation including but not limited to depositions;

    d.    Outside consultants and/or experts and their direct staff retained by the parties or counsel to work on the action;

LEGAL_US_E # 76594170.2

      e.    Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

      f.    A Mediator or Mediators appointed by the Court or the parties;

      g.    Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure;

      h.    Any person who is identified on the face of such information to be the originator, author, or recipient of a copy of the information. Such a person shall not be able to keep or preserve a copy of the information beyond the period of that person's interview, preparation, or testimony.

      3.    Either party may use information that:

      a.    such party already lawfully possesses or may possess from a source other than from information produced in this action; or

      b.    becomes public knowledge other than as a result of a breach of the terms of this Order.

      G.    <u>Notification of Confidentiality Order</u>. Before any Confidential information is disclosed to any of the persons identified in Paragraphs F(2)(c), (d), or (g), counsel for the disclosing party shall show such person a copy of this Order and require that such person execute an agreement concerning Confidentiality in the form of the Agreement attached hereto. The originals of the executed agreement shall be maintained by counsel for the party who obtained them until final resolution of this litigation.

-6-

H.    Return of Confidential Documents, Transcripts, etc.

1.    Within ten (10) business days after the conclusion of this action, by settlement or adjudication, including any appellate proceedings, all Confidential documents and information (and all copies, transcriptions, or reproductions thereof, in any form whatsoever) produced or provided by the parties or non-parties shall be returned to their respective counsel or destroyed, as requested by the providing party, and all work product abstracts or summaries containing or referring to Confidential documents or information shall be destroyed, provided, however, if the receiving party has incorporated Confidential information in any other document, only that portion of such document containing Confidential information need be redacted or deleted.  Upon request, each party shall certify in writing to the other party that all Confidential documents and information have been destroyed or returned to the producing party, and all work product abstracts or summaries containing or referring to Confidential documents or information have been destroyed or redacted, as appropriate under this section.

2.    Nothing in this section shall preclude counsel for any party from maintaining copies of work product materials which in counsel's good faith judgment must be maintained for purposes of defending against potential malpractice claims.  If counsel for any party has a good faith belief that work product abstracts or summaries of Confidential documents or information must be maintained for the defense of potential malpractice claims, counsel shall serve opposing counsel with a written request to maintain copies of such information until the end of the applicable statutes of limitations periods for professional malpractice claims.

1.    Enforcement.  Any disputes regarding this Order shall be resolved by the Court.

-7-

J.    Disputes Regarding Confidentiality of Documents.  If a party believes that any material which is produced and designated "Confidential" does not contain any of the types of information described in Paragraph B, that party shall, within fifteen (15) days of the service of such materials, contest the applicability of this Order to such material by notifying the attorneys for the other parties, in writing, and specifically identifying the material for which the confidentiality designation is contested.  If the party contesting the Confidential designation cannot resolve the dispute over the designation with the producing party or non-party, the party contesting the designation  shall have thirty (30) days from the date of its notice in which to make a Motion for an Order with respect to such material.  Any contested material for which such a Motion is not timely made or as to which requested relief is not granted shall be deemed Confidential.  Failure to contest the confidentiality of any material within fifteen (15) days of service of such materials shall be deemed a waiver.

K.    Not a Waiver.  This Order shall not be construed as a waiver by either party of objections to the production of documents, or of the right to object to admission into evidence of any documents or information on any basis other than confidentiality, or as vesting any party with additional rights to make objections beyond the rights provided in the federal and local rules of civil procedure and/or evidence.

L.    Third Party Subpoenas.  Any party or person in possession of Confidential information who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks production or disclosure of such Confidential information shall promptly give written notice by facsimile to counsel for the party who produced or designated the materials as Confidential identifying the materials

-8-

sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena also shall inform the person seeking the Confidential information that such information is subject to this Order and may not be disclosed without either (i) the consent of the party that produced the information or (ii) court order. The person in possession of Confidential information shall cooperate with the providing party, at the providing party's request and expense, to obtain an appropriate protective order or other reliable assurance that confidential treatment will be accorded the Confidential information that is required to be disclosed.

M.   Non-parties.   This Order shall apply to non-parties who are obliged to provide discovery, by deposition, production of documents, or otherwise, in this litigation, unless the non-party waives the protection of this Order. This Order also shall apply to non-parties who are afforded access to documents or information produced during discovery in this litigation, whether by deposition, production of documents, or otherwise.

N.   Miscellaneous.

1.   No amendment or modification of this Order shall be effective unless the same shall be in writing and signed by the parties hereto and approved by the Court.

2.   Nothing herein restricts the right of any party to apply to the Court for a further protective order relating to any documents or information provided pursuant to this Order.

3.   Nothing in this Order prevents any party from revoking at any time the designation Confidential from any of that party's documents or information produced in this proceeding.

-9-

LEGAL_US_E # 76594170.2

4.     Nothing herein prevents any party hereto from making whatever use it deems appropriate of its own Confidential documents and information.

5.     Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission by any party that any particular document or information is or is not (a) confidential, (b) privileged, (c) authentic, or (d) admissible in evidence at trial, except for the purpose of this Order.

6.     The provisions of this Order shall apply to any and all documents and information produced and designated Confidential in accordance herewith, whether produced before or after the execution of this Order.

7.     The provisions of this Order shall survive and remain in full force and effect after the conclusion of this action, whether by settlement or adjudication, including any appellate proceedings, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed pursuant to this Order.

Dated:  New York, New York
        October ___, 2007

-10-

LIDDLE & ROBINSON, LLP

By: _____

Jeffrey L. Liddle (JL 8256)
Christine A. Palmieri (CP 8235)

800 Third Avenue
New York, New York 10022
Telephone: (212) 687-8500

*Attorney for Plaintiff James Bonomo*

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____

Stephen P. Sonnenberg (SS-4609)
Glenn S. Grindlinger (GG-7495)
Alison R. Kirshner (AK-3582)

75 East 55th Street
New York, NY 10022-3205
(212) 318-6000

*Attorneys for Defendant
Mitsubishi International Corporation*

SO ORDERED: _____

Colleen McMahon, U.S.D.J.

Date: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES BONOMO,

Plaintiff,

-  against –

MITSUBISHI INTERNATIONAL
CORPORATION,

Defendant.

07 Civ. 5967 (CM)

**STIPULATED
PROTECTIVE ORDER**

## AGREEMENT CONCERNING CONFIDENTIALITY

By signing this document, I hereby certify that I have read the Stipulated Protective

Order dated _____, in the above captioned action, and I agree to abide by all of its terms

and maintain in confidence any confidential document or information provided or shown to me

in accordance with the terms thereof.

_____
Signature

_____
Print Name

_____
Date

-12-