```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/9/08
```

M MAHON, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES BONOMO,

        Plaintiff,

- against -

MITSUBISHI INTERNATIONAL
CORPORATION,

        Defendant.

07 Civ. 5967 (CM)

**STIPULATION REGARDING
EXTENSION OF DISCOVERY**

---

    WHEREAS, the parties promptly began discovery in this case by: (i) serving document requests and interrogatories; (ii) completing Plaintiff's deposition; and (iii) serving additional interrogatories, document requests, requests for admissions, and subpoenas in accordance with the Civil Case Management Plan ordered in this case on September 7, 2007 and attached hereto as Exhibit 1;

    WHEREAS, there are three issues complicating discovery in this matter: (i) electronic discovery of databases in two countries containing documents in three languages; (ii) translation of identified documents; and (iii) Plaintiff's intention to depose a witness who is a citizen and resident of China (Beijing) and is not employed by Mitsubishi International Corporation. The parties address these issues in this stipulation.

    WHEREAS, Defendant preserved and is in the process of searching computer and server data of the most likely custodians of relevant electronic materials, including files from the individual desktop and/or laptop computers of those custodians;

    WHEREAS, Defendant is in compliance with Judge McMahon's Rules Governing Electronic Discovery and the Defendant has appointed an E-discovery liaison and provided its

LEGAL_US_B # 77661350.2

electronic discovery materials and it electronic document retention policies to Plaintiff;

WHEREAS, some events alleged in the Amended Complaint in this action occurred in China, including alleged conduct by Yue Zhibo, an employee of Mitsubishi Corporation China Commerce Co., Ltd., a "sister company" of Defendant;

WHEREAS, Plaintiff intends to depose Yue Zhibo no later than April 28, 2008 and Defendant has agreed to waive the requirements of The Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters;

WHEREAS, most of the electronic and hard copy documents from two key witnesses, Yue Zhibo and Tetsuya Furuichi, are in Chinese or Japanese, and Defendant's counsel must have such documents translated in order to ascertain whether they are relevant and/or responsive to Plaintiff's discovery requests and not privileged;

WHEREAS, the process of searching, translating and reviewing electronic data in Japanese and Chinese has been extraordinarily time-consuming;

WHEREAS, Defendant needed to obtain the assistance of an electronic discovery vendor to assist in the imaging of computers and processing of electronic data containing Asian characters;

WHEREAS, Defendant had to develop and run search terms in English, Japanese, and Chinese which took considerable time;

WHEREAS, the vendor encountered technical problems with loading the electronic data from a key witness' laptop because it contained more than 350,000 documents, mostly in Japanese;

WHEREAS, it will take several weeks to translate the responsive documents identified

from reviewing this witness' Japanese documents at a cost estimated to be approximately $100,000;

WHEREAS, the vendor encountered technical problems with loading the electronic data from another key witness' laptop because the Chinese characters have prevented the vendor from running the key search terms, attempts to find relevant documents from a file and folder report have been unsuccessful because the Chinese characters have been rendered unrecognizable in the processing of data, and Defendant is currently seeking information about the witness' original computer to assist in the processing of this data;

WHEREAS, Defendant uses Lotus Notes for email, which is more difficult for vendors to process thereby creating further complications for electronic discovery;

WHEREAS, processing and searching the many potentially relevant documents that are in Chinese or Japanese continues to pose difficulties for the parties;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties that good cause exists for the parties to request that the Court extend all outstanding deadlines in the Civil Case Management Plan by sixty (60) days, as set forth in the revised Civil Case Management Plan, which is attached hereto as Exhibit 2.

| | |
|---|---|
| LIDDLE & ROBINSON, LLP<br><br>By: _____<br>Jeffrey L. Liddle (JL-8256)<br>Christine A. Palmieri (CP-8235)<br><br>800 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 687-8500<br><br>*Attorney for Plaintiff James Bonomo* | PAUL, HASTINGS, JANOFSKY & WALKER LLP<br><br>By: _____<br>Stephen P. Sonnenberg (SS-4609)<br>Glenn S. Grindlinger (GG-7495)<br>Alison R. Kirshner (AK-3582)<br><br>75 East 55th Street<br>New York, NY 10022-3205<br>(212) 318-6000<br><br>*Attorneys for Defendant*<br>*Mitsubishi International Corporation* |

SO ORDERED: _____
                Colleen McMahon, U.S.D.J.

Date: 1/8/2008

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/07

JAMES BONOMO

             Plaintiff(s),       07 Civ. 5967 (CM)(KNF)

-against-

MITSUBISHI INTERNATIONAL
CORPORATION

             Defendant(s).
------------------------------------X

### CIVIL CASE MANAGEMENT PLAN
(for all cases except patent, IDEA and ERISA benefits cases,
and cases subject to the Private Securities Litigation Reform Act)

1. This case is/is not to be tried to a jury.

2. Discovery pursuant to Fed.R.Civ.P. 26(a) shall be exchanged by  October 10, 2007.

3. No additional parties may be joined after  September 10, 2007.

4. No pleading may be amended after  October 1, 2007  w/out leave of the court

5. If your case is brought pursuant to 42 U.S.C. § 1983: In keeping with the United States Supreme Court's observation that the issue of qualified immunity should be decided before discovery is conducted, counsel representing any defendant who intends to claim qualified immunity must comply with the special procedure set forth in Judge McMahon's individual rules, which can be found at www.nysd.uscourts.gov.

    Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial. *Please identify any party who is moving to dismiss on qualified immunity grounds.*

6. All discovery, *including expert discovery*, must be completed on or before February 28, 2008_____. (For personal injury, civil rights, employment discrimination or medical malpractice cases only): Plaintiff's deposition shall be taken first, and shall be completed by October 31, 2007_____. PLEASE NOTE: the phrase "all discovery, including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates: Plaintiff(s) expert report(s) by January 15, 2008_____; Defendant(s) expert report(s) by February 10, 2008_____.

7. Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supercede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

8. This case has been designated to the Hon. United States Magistrate Kevin N. Fox for resolution of discovery disputes. Do not contact Judge McMahon about discovery disputes; go directly to your assigned Magistrate Judge. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that if they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

9. A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (not including *in limine* motions), shall be submitted on or before April 30, 2008____. Following submission of the joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to in limine motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

10. No motion for summary judgment may be served after the date the pre-trial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

11. The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

12. This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

Dated: 9/7/07
New York, New York

Upon consent of the parties:
[signatures of all counsel]

_____
Attorney for Plaintiff

_____
Attorney for Defendant

_____

_____

SO ORDERED:

_____
Hon. Colleen McMahon
United States District Judge

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X

JAMES BONOMO

                Plaintiff(s),          07 Civ. 5967 (CM) ( )

-against-

MITSUBISHI INTERNATIONAL
CORPORATION

                Defendant(s).
————————————————————X

### CIVIL CASE MANAGEMENT PLAN
(for all cases except patent, IDEA and ERISA benefits cases,
and cases subject to the Private Securities Litigation Reform Act)

1. This case is/is not to be tried to a jury.

2. Discovery pursuant to Fed.R.Civ.P. 26(a) shall be exchanged by October 10, 2007.

3. No additional parties may be joined after September 10, 2007.

4. No pleading may be amended after October 1, 2007.

5. If your case is brought pursuant to 42 U.S.C. § 1983: In keeping with the United States Supreme Court's observation that the issue of qualified immunity should be decided before discovery is conducted, counsel representing any defendant who intends to claim qualified immunity must comply with the special procedure set forth in Judge McMahon's individual rules, which can be found at www.nysd.uscourts.gov.

Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial. *Please identify any party who is moving to dismiss on qualified immunity grounds.*

6. All discovery, *including expert discovery*, must be completed on or before April 28, 2008, (For personal injury, civil rights, employment discrimination or medical malpractice cases only): Plaintiff's deposition shall be taken first, and shall be completed by November 9, 2007. PLEASE NOTE: the phrase "all discovery, including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates: Plaintiff(s) expert report(s) by March 17, 2008; Defendant(s) expert report(s) by April 10, 2008.

7. Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supercede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

8. This case has been designated to the Hon. United States Magistrate Kevin Fox for resolution of discovery disputes. Do not contact Judge McMahon about discovery disputes; go directly to your assigned Magistrate Judge. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that if they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

9. A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (not including *in limine* motions), shall be submitted on or before June 30, 2008. Following submission of the joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to in limine motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

10. No motion for summary judgment may be served after the date the pre-trial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

11. The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

12. This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

Dated: January 8, 2008
New York, New York

Upon consent of the parties:
[signatures of all counsel]

_____          _____
Attorney for Plaintiff                    Attorney for Defendant


_____          _____


SO ORDERED:

_____
Hon. Colleen McMahon
United States District Judge