# LIDDLE & ROBINSON, L.L.P.

**MEMO ENDORSED**

800 THIRD AVENUE
NEW YORK, N.Y. 10022

(212) 687-8500
FACSIMILE: (212) 687-1505
www.liddlerobinson.com

E-mail: cpalmieri@liddlerobinson.com

RECEIVED
APR 17 2008
CHAMBERS OF
KEVIN NATHANIEL FOX
U.S. MAGISTRATE JUDGE

MIRIAM M. ROBINSON (RETIRED)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
DAVID I. GREENBERGER
MICHAEL E. GRENERT
JAMES R. HUBBARD
JEFFREY L. LIDDLE
DAVID M. MAREK
CHRISTINE A. PALMIERI
MARC A. SUSSWEIN

STEPHEN J. STEINLIGHT
ANDREA M. PAPARELLA
REBECCA A. SAENGER
DINA N. WEINBERG
DAVID H. FELDSTEIN
SHERRY M. SHORE
AMY L. STUTIUS
JESSICA H. SAVAGE*

*AWAITING ADMISSION TO THE BAR



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED. 4/21/08

April 17, 2008

VIA FACSIMILE / (212) 805-6712

Hon. Kevin N. Fox
United States Magistrate Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 540
New York, New York 10007

    Re:    <u>Bonomo v. Mitsubishi Int'l Corp.; 07 Civ. 5967 (CM) (KNF)</u>

Dear Judge Fox:

    We represent the plaintiff, James Bonomo. On March 26, 2008, Your Honor ordered defendant to produce to plaintiff existing translations of numerous Japanese e-mails and other documents produced by defendant in this litigation. In a recent deposition, plaintiff marked some of these translations as exhibits. Defendant's counsel objected on the grounds that the translations are not certified and thus cannot be taken as accurate.

    We understand that the translations are not certified and appreciate that no translation is perfect. In fact, some documents have been translated differently by different translators. The variance between those translations, however, is inconsequential.

LIDDLE & ROBINSON, L.L.P.

Hon. Kevin N. Fox                              -2-                              April 17, 2008

    For the translations to be of any use to plaintiff, we need to be able to use them in depositions without objection from defendant – particularly the deposition of Tetsuya Furuichi, who authored many of the Japanese e-mails. Mr. Furuichi's deposition is scheduled for May 8.[1]

    We thus respectfully request that plaintiff be permitted to treat defendant's translations as accurate, or in the alternative, that defendant be required to have them certified. Additionally, we request that defendant be ordered to advise of any known inaccuracies in the translations it has provided.

Respectfully submitted,

*Christine A. Palmieri* (signature)

Christine A. Palmieri

cc: Glenn S. Grindlinger, Esq. (via facsimile / (212) 230-5187)

---

4/21/08

The accuracy, or lack thereof, of the instant translations was an issue highlighted by the defendant prior to the Court's resolution of the parties' discovery disputes, on March 26, 2008. See, e.g., Glenn S. Grindlinger, Esq. letter to the Court dated March 11, 2008 in which he offered to share the translations with the plaintiff if, inter alia, the plaintiff would "not contest the validity of the translations." The plaintiff took the translations aware that their accuracy might be suspect and, therefore, cannot reasonably complain now about the objection(s) asserted by the defendant at a deposition(s). Fed.R.Civ.P. 30(c)(2) permits an objection(s) to be asserted at a deposition.

In any event, it is in the parties' best interests to ensure the translations are accurate, as they use them in preparation for trial. Each party is free to employ its own resources to have the accuracy of any translation verified. No reason exists for the Court to direct either party to undertake that exercise for its benefit or that of the adversary party. Therefore, the instant application is denied. SO ORDERED:

/s/ Kevin Nathaniel Fox
KEVIN NATHANIEL FOX, U.S.M.J.

---

[1] Your Honor previously ordered Mr. Furuichi's deposition to be conducted in English, with a Japanese-English translator present for any questions that present particular difficulty.