# PaulHastings

Paul Hastings Janofsky & Walker LLP
Park Avenue Tower
75 East 55th Street
First Floor
New York, NY 10022
telephone 212-318-6000 · facsimile 212-319-4090 · www.paulhastings.com

RECEIVED
APR 30 2008
KEVIN NATHANIEL FOX
U.S. MAGISTRATE JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/01/08

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(212) 318-6364
glenngrindlinger@paulhastings.com

April 30, 2008

73080.00002

**BY FACSIMILE**

Hon. Kevin N. Fox
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 540
New York, NY 10007

**MEMO ENDORSED**

Re: Bonomo v. Mitsubishi International Corporation
Civil Case No.: 07 Civ. 5967 (CM) (KF) (SDNY)

Your Honor:

We represent Defendant Mitsubishi International Corporation ("MIC") in the above-referenced matter. We are in receipt of the April 30, 2008 letter from Christine Palmieri to Your Honor and write in response thereto.

Ms. Palmieri's letter suggests that because Mr. Torao communicated with colleagues in writing in English and has written emails in English, he is fluent in the language and therefore his deposition should be conducted in English. The fact that Mr. Torao has written communications in English is immaterial. As explained in our April 28 letter to Your Honor and as set forth in Mr. Torao's declaration, the focus of Mr. Torao's English education was on reading and writing – not speaking and listening.[1] Mr. Torao's deposition is being conducted pursuant to Rule 31 not Rule 32. Thus, Mr. Torao's skills in writing and responding to emails in English do not address whether he will be able to understand oral questions at deposition and be able to answer those questions under oath.

Defendant remains mystified as to why Plaintiff seeks to depose Mr. Torao in English when it is clear that he does not fully comprehend his English conversations and Plaintiff admits that Mr. Torao has difficulty "making himself understood."[2] The deposition will have little value to the parties and the Court if the deponent will not be able to truthfully answer Plaintiff's questions because of a lack of comprehension.

---

[1] *See* Exhibit C to Defendant's April 28, 2008 letter, Decl. of Koji Torao ¶ 3.
[2] *See id.* ¶ 5; *see* Exhibit B to Defendant's April 28, 2008 letter.

LEGAL_US_E # 79199599.1

**PaulHastings**

Hon. Kevin N. Fox
April 30, 2008
Page 2

Accordingly, we respectfully request the Court to order that a translator be provided to Mr. Torao at his deposition for translation of all questions and answers.

We are available at the Court's convenience to discuss these issues in further detail.

Very truly yours,

*[signature]*

Glenn S. Grindlinger
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

cc:   Christine Palmieri, Esq.

---

5/1/08

Application denied.

It is in the best interest of all parties to a litigation that the record generated at a deposition reflect accurately the information a deponent has that the party examining the deponent orally wishes to obtain. The plaintiff, in the case at bar, is free to examine Koji Torao without using the interpreter he has advised the Court he has engaged to attend Mr. Torao's deposition and provide interpreting services on an as-needed basis. Proceeding in this way means the plaintiff will run the risk of failing to obtain complete and accurate relevant information from Mr. Torao at his deposition. Conducting the deposition in this manner is, apparently, the course the plaintiff has elected, after consulting with his counsel. The Court has no role to play in the client/attorney decision-making process.

For its part, the defendant wants Mr. Torao to testify at his deposition only through an interpreter. Nothing prevents Mr. Torao from supplying his own interpreter, at the deposition, for that purpose, if he determines, after consultation with his counsel, that it would be prudent for him to do so. Here too, the Court has no role to play in the client/attorney decision making process.

SO ORDERED:

*[signature]*

Hon. Kevin Nathaniel Fox
United States Magistrate Judge

# PaulHastings

Paul, Hastings, Janofsky & Walker LLP
Park Avenue Tower
75 East 55th Street
First Floor
New York, NY 10022
telephone 212-318-6000 • facsimile 212-319-4090 • www.paulhastings.com

**FACSIMILE TRANSMISSION**

| to: | company/office: | facsimile: | telephone: |
|---|---|---|---|
| Hon Kevin N. Fox | U.S. District Court, Southern District of N.Y. | (212) 805-6712 | (212) 805-6710 |

| from: | facsimile: | telephone: | initials: |
|---|---|---|---|
| Glenn S. Grindlinger | (212) 319-4090 | (212) 318-6364 | GSG2 |

| client name: | Mitsubishi International Corp. | client matter number: | 73080.00002 |
|---|---|---|---|
| date: | April 30, 2008 | pages (with cover): | 3 |

**comments:**

Re:   Bonomo v. Mitsubishi International Corporation
       Civil Action No.: 07 Civ. 5967 (CM)(KF)



RECEIVED
APR 30 2008
KEVIN NATHANIEL FOX
U.S. MAGISTRATE JUDGE

*If you do not receive all pages, please call Michelle Sanders Pond at (212) 318-6357*

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U S. Postal Service. Thank you.

LEGAL_US_E # 78585866.1 73080.00002