

# LIDDLE & ROBINSON, L.L.P.

800 THIRD AVENUE
NEW YORK, N.Y. 10022

(212) 687-6500
FACSIMILE: (212) 687-1505
www.liddlerobinson.com

**MEMO ENDORSED**

MIRIAM M. ROBINSON (RETIRED)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
DAVID I. GREENBERGER
MICHAEL E. GRENERT
JAMES R. HUBBARD
JEFFREY L. LIDDLE
DAVID M. MAREK
CHRISTINE A. PALMIERI
MARC A. SUSSWEIN

E-MAIL: mgrenert@liddlerobinson.com

STEPHEN J. STEINLIGHT
ANDREA M. PAPARELLA
REBECCA A. SAENGER
DINA N. WEINBERG
DAVID H. FELDSTEIN
SHERRY M. SHORE
AMY L. STUTIUS
JESSICA H. SAVAGE*

*AWAITING ADMISSION TO THE BAR

May 28, 2008

**VIA FACSIMILE / (212) 805-6712**
Hon. Kevin N. Fox
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 540
New York, NY 10007

Re:    James Bonomo v. Mitsubishi International Corporation
       Civil Case No.: 07 Civ. 5967 (CM) (KNF) (SDNY)

Dear Judge Fox:

      We represent the Plaintiff, James Bonomo, in the above-referenced matter. As the Court is aware, one of the outstanding discovery issues in this matter is the China Mobile Limited ("China Mobile") cell phone billing record for Zhibo Yue's cell phone. Plaintiff raised this issue with Your Honor by letter dated May 16, 2008, and Defendant responded to Your Honor by letter dated May 21, 2008, stating that it was not in possession of Mr. Yue's cell phone billing records.

      As Plaintiff alleged in his Complaint, Mr. Yue took a picture of Plaintiff's genitals with his cell phone camera during Plaintiff's business trip to China in April 2005. See Compl. ¶ 19-20. Plaintiff's counsel, James A. Batson, deposed Mr. Yue in Hong Kong on March 12, 2008, and asked him several questions as to the events that took place that evening: including, whether he remembered using his cell phone to take a picture of Plaintiff's genitals. (Yue Tr. 71:16-19)[1]. Mr. Yue did not remember taking such a picture (Yue Tr. 71:19), and similarly could not remember whether he had used his cell phone to take any pictures in the

---

[1] Attached as Exhibit A are the pages from Mr. Yue's deposition transcript that Plaintiff references in this letter.

LIDDLE & ROBINSON, L.L.P.
Honorable Kevin N. Fox                           -2-                              May 28, 2008

locker room at Wanjia (the massage place) that day (Yue Tr. 71:10-12), or whether Plaintiff had asked him to delete any pictures that day. (Yue Tr. 71:13-15).

   Mr. Batson also asked Mr. Yue questions relating to his practice, if any, of transmitting and/or storing pictures that he took with his phone, and specifically, whether he ever emailed pictures he took with his cell phone. (Yue Tr. 68:23-25, 69:4-15). Mr. Yue stated that he did, on occasion, email such pictures to himself, and that "[a]ny that [he] felt were worth keeping, [he] sent to [his] email account and [kept] on [his] computer." (Yue Tr. 69:14-15). Mr. Yue further stated that such pictures would be sent through his cell phone carrier's (China Mobile) system. (Yue Tr. 68:20-22).

   Given that Mr. Yue was in the habit of emailing pictures he had taken with his cell phone, and that this practice would presumably have resulted in an entry on China Mobile's billing records for his phone, Plaintiff requested the production of all billing records related to Mr. Yue's cell phone that he testified to having in his possession during the business trip to China in April 2005 (Yue Tr. 66:23-24).

   However, as Defendant is not in possession of Mr. Yue's cell phone billing records, and since China Mobile is a Chinese corporation that upon information and belief does not maintain an office in the U.S., Plaintiff has enclosed for Your Honor's signature a "Letter of Request" directed to China Mobile pursuant to the mandates of the Hague Convention. The Letter of Request requests from China Mobile the production of all billing records maintained by China Mobile concerning any cellular phone maintained by Mr. Yue during the period April 1, 2005 – April 30, 2005.

   After Plaintiff obtains a signature from Your Honor, he will obtain certified Chinese translations of his Letter of Request and relevant sections of Mr. Yue's transcript.

Respectfully Submitted,

*Michael E. Grenert*

Michael E. Grenert

cc: Stephen P. Sonnenberg, Esq. (via email)
  Glenn Grindlinger, Esq. (via email)
  Alison R. Kirshner, Esq. (via email)

6/13/08
The request, that the Court execute the Letter of Request, is denied. All discovery is to be initiated so as to be completed (on or before) the date on which discovery closes. Granting the instant request will extend discovery beyond the date fixed by the assigned district judge. This the Court is not authorized to do. See Civil Case Management Plan, ¶¶s 6 and 8, dated March 6, 2008, and executed by the assigned district judge.
SO ORDERED:
/s/ Kevin Nathaniel Fox, U.S.M.J.