# EXHIBIT B

*FCL*

# LIDDLE & ROBINSON, L.L.P.

800 THIRD AVENUE
NEW YORK, N.Y. 10022

(212) 687-8500
FACSIMILE: (212) 687-1505
www.liddlerobinson.com
E-MAIL: jliddle@liddlerobinson.com

MIRIAM M. ROBINSON (RETIRED)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
DAVID I. GREENBERGER
MICHAEL E. GRENERT
JAMES R. HUBBARD
JEFFREY L. LIDDLE
DAVID M. MAREK
CHRISTINE A. PALMIERI
MARC A. SUSSWEIN

JEFFREY ZIMMERMAN
STEPHEN J. STEINLIGHT
ANDREA M. PAPARELLA
REBECCA A. SAENGER
LISA D. SIDMAN
DINA N. WEINBERG
DAVID H. FELDSTEIN
AMY L. STUTIUS*

*AWAITING ADMISSION TO THE BAR

May 24, 2007

<u>VIA FACSIMILE & MAIL / (212) 969-2900</u>

Frederic C. Leffler, Esq.
Proskauer Rose LLP
1585 Broadway
New York, New York 10036

Re:   <u>James Bonomo v. Mitsubishi International Corporation</u>

Dear Fred:

      We write in response to your letters dated May 22 and May 23 (both of which were received on May 23).

      We confirm our availability to proceed with Mr. Bonomo's interview on Friday, May 25 at 10:00 a.m. We disagree, however, with your position that the timing of Mr. Bonomo's decision to report the event in question is an appropriate subject for the interview. This is not a standard investigation. Had it not been for the fact that Mr. Bonomo hired counsel, and we provided MIC with a draft Complaint detailing the incident, no interview would be taking place. Any subject matter that touches upon information protected by the attorney-client or work product privileges, including but not limited to the timing of Mr. Bonomo's reporting, is not a proper subject of the interview, and Mr. Bonomo will be instructed not to answer any such questions. Furthermore, this is not a pre-litigation deposition. No use other than for purposes of the investigation can be made of this interview, or the transcript. This must be stated on the record by you and your client.

**RECEIVED**
MAY 29 2007

LIDDLE & ROBINSON, L.L.P.

Frederic C. Leffler, Esq.        -2-        May 24, 2007

      Taking your two letters together, it is clear that you and MIC are not focused on determining what actually happened between Mr. Bonomo and Mr. Furuichi, but on preparing a defense to Mr. Bonomo's claims and putting him in the position of offender rather than victim concerning Mr. Furuichi's transfer to New York. Why is it appropriate for you to attend this interview? You are clearly not neutral but instead are management's defense counsel who has responded on behalf of MIC to our draft of Mr. Bonomo's litigation complaint. Are you, and your firm, not conflicted out of being involved as counsel to their "neutral" investigation? This fact alone warrants the additional protections we have requested.

      Finally, if you have in mind a "realistic" resolution to this matter, we suggest you propose it.

Very truly yours,

Jeffrey L. Liddle