# EXHIBIT L

# LIDDLE & ROBINSON, L.L.P.

800 THIRD AVENUE
NEW YORK, N.Y. 10022

(212) 687-8500
FACSIMILE: (212) 687-1505
www.liddlerobinson.com
E-MAIL: jliddle@liddlerobinson.com

MIRIAM M. ROBINSON (RETIRED)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
DAVID I. GREENBERGER
MICHAEL E. GRENERT
JAMES R. HUBBARD
JEFFREY L. LIDDLE
DAVID M. MAREK
CHRISTINE A. PALMIERI
MARC A. SUSSWEIN

JEFFREY ZIMMERMAN
STEPHEN J. STEINLIGHT
ANDREA M. PAPARELLA
REBECCA A. SAENGER
LISA O. SIDMAN
GINA N. WEINBERG
DAVID H. FELDSTEIN
AMY L. STUTIUS*

*AWAITING ADMISSION TO THE BAR

May 14, 2007

VIA FACSIMILE & MAIL / (212) 969-2900

Fredric C. Leffler, Esq.
Proskauer Rose LLP
1585 Broadway
New York, New York 10036

Re:    James Bonomo v. Mitsubishi International Corporation

Dear Fred:

We write to provide 30 days' notice under paragraph 2(b) of the parties' Tolling Agreeement that Mr. Bonomo intends to terminate the Tolling Period on June 13, 2007. We believe that if this matter is going to be resolved, it should be done so promptly, and certainly within the next 30 days.

Regarding your client's recent attempts to conduct an interview with Mr. Bonomo, as stated in my letter of May 11, we will not object to an interview so long as we are permitted to be present and to participate. We believe that our presence is not only warranted given our role in bringing this situation to your client's attention in the first place, but it would also make the interview more productive for MIC. Please ensure that any future communications concerning an interview take place between counsel.

*plural* [annotation]

Very truly yours,

Jeffrey L. Liddle

**PROSKAUER ROSE LLP**

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

Fredric C. Leffler
Senior Counsel

Direct Dial 212.969.3670
fleffler@proskauer.com

May 17, 2007

**VIA REGULAR MAIL AND PDF**

Jeffrey L. Liddle, Esq.
Christine A. Palmieri, Esq.
Liddle & Robinson, LLP
800 Third Avenue
New York, NY 10022

Re: *James Bonomo v. Mitsubishi International Corporation*

Dear Jeffrey and Christine:

On behalf of Mitsubishi International Corporation ("MIC" or "Company"), we write in connection with your letter dated May 14, 2007 in which you gave notice, per the Tolling Agreement, that Mr. Bonomo intends to terminate the Tolling Period on June 13, 2007. Therein, you also stated, in connection with MIC's Human Resources Department's efforts to schedule a meeting with Mr. Bonomo for the purpose of investigating his claims of discrimination and/or harassment under its policies, "we will not object to an interview so long as we are permitted to be present and to participate."

In deference to your stated request to be present at the Human Resources interview, and as a result of Mr. Bonomo's refusal, thus far, to attend a meeting relative to the Human Resources Department's investigation of his claims *unless* his counsel is present, I have been authorized to invite you to attend such an investigatory meeting. This is an unusual step but MIC wishes to do everything possible to facilitate the meeting under its policies in accordance with its commitment to a discrimination-free and harassment-free workplace and to enable Mr. Bonomo to satisfy his duty to comply with MIC policies.

Mr. Richard Lovell, Sr. Vice President of Human Resources, will conduct the interview concerning Mr. Bonomo's claims. As you well know, human resources departments at companies throughout the country conduct such interviews, without attorneys present, upon

**PROSKAUER ROSE LLP**

Jeffrey L. Liddle, Esq.
Christine A. Palmieri, Esq.
May 17, 2007
Page 2

- notification of employee claims, such as those made by Mr. Bonomo in the draft Complaint sent MIC in April, 2007.

We propose the following very basic ground rules for your attendance: (1) counsel will not interrupt Mr. Lovell's questions or Mr. Bonomo's answers, nor will counsel speak on behalf of Mr. Bonomo in answer to any question posed to him by Mr. Lovell; (2) there will be no recording of the meeting but those present may take handwritten notes; (3) at the conclusion of Mr. Lovell's questioning, Ms. Palmieri or you can question Mr. Bonomo, if you wish to do so; and (4) should Ms. Palmieri or you wish to make a statement at the conclusion of the meeting, you may do so, as well. Attendance at the meeting will be limited to Mr. Bonomo, Ms. Palmieri and/or you, Mr. Lovell and a member of his team, and since Ms. Palmieri and/or you will be present, one of the Proskauer attorneys will be present as well. The meeting will take place at Mitsubishi's offices on 3rd Avenue in the Human Resources Department where such investigations typically are undertaken.

Please confer with Mr. Bonomo and advise me as to which one of these dates/times next week can be scheduled for the meeting: May 21 (9:30 AM); May 22 (10:00 AM); May 24 (9:30 AM; 2:00 PM); May 25 (9:30 AM; 2:00 PM).

The courtesy of your anticipated cooperation is appreciated.

Very truly yours,

Fredric C. Leffler

cc: Paul Salvatore, Esq.

# LIDDLE & ROBINSON, L.L.P.

800 THIRD AVENUE
NEW YORK, N.Y. 10022

(212) 687-8500
FACSIMILE: (212) 687-1505
www.liddlerobinson.com

E-MAIL: jliddle@liddlerobinson.com

MIRIAM M. ROBINSON (RETIRED)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
DAVID I. GREENBERGER
MICHAEL E. GRENERT
JAMES R. HUBBARD
JEFFREY L. LIDDLE
DAVID M. MAREK
CHRISTINE A. PALMIERI
MARC A. SUSSWEIN

JEFFREY ZIMMERMAN
STEPHEN J. STEINLIGHT
ANDREA M. PAPARELLA
REBECCA A. SAENGER
LISA D. SIDMAN
DINA N. WEINBERG
DAVID H. FELDSTEIN
AMY L. STUTIUS*

*AWAITING ADMISSION TO THE BAR

May 18, 2007

VIA FACSIMILE & MAIL / (212) 969-2900

Frederic C. Leffler, Esq.
Proskauer Rose LLP
1585 Broadway
New York, New York 10036

Re:    James Bonomo v. Mitsubishi International Corporation

Dear Fred:

      We write in response to your May 17, 2007 letter concerning MIC's interview of Mr. Bonomo in connection with its investigation. Provided we can reach agreement on the terms of the interview, Christine Palmieri is available to attend with Mr. Bonomo next Thursday or Friday morning.

      As for your proposed terms, although we can agree not to interrupt or to speak for Mr. Bonomo, we need to have the opportunity to confer with Mr. Bonomo privately at any time, including while a question is pending. Additionally, we believe it would be most efficient to tape record the interview in order to avoid subsequent disputes over differences in each person's handwritten notes as to what was said. Finally, we assume that these rules will also apply to MIC's counsel, but that MIC's counsel will not question Mr. Bonomo directly.

      We propose two additional terms. First, one subject must be off limits – Mr. Bonomo's reasons for not reporting the incident with Mr. Furuichi sooner. That issue is clearly part of the impending litigation and is not a proper subject for this

**LIDDLE & ROBINSON, L.L.P.**

Frederic C. Leffler, Esq.                      2                         May 18, 2007

interview. Second, we would like to know who else has been interviewed as part of MIC's investigation and would like to receive copies of any notes or recordings of those interviews after the investigation is completed.

If these terms are acceptable, please let us know, and we will confirm a day and time for Mr. Bonomo's interview.

Very truly yours,

Jeffrey L. Liddle

**PROSKAUER ROSE LLP**

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

Fredric C. Leffler
Senior Counsel

Direct Dial 212.969.3570
fleffler@proskauer.com

May 22, 2007

**VIA REGULAR MAIL AND PDF**

Jeffrey L. Liddle, Esq.
Christine A. Palmieri, Esq.
Liddle & Robinson, LLP
800 Third Avenue
New York, NY 10022

Re:   *James Bonomo v. Mitsubishi International Corporation/
      HR Investigation and Interview Meeting*

Dear Jeff and Christine:

    We write on behalf of Mitsubishi International Corporation (MIC" or "Company") in response to your letter dated May 18, 2007 demanding additional terms as a precondition for Mr. Bonomo's attendance at MIC's Human Resources Department's investigatory interview of Mr. Bonomo, per its policy, relative to his allegations of discrimination and harassment. By my letter dated May 17, 2007, MIC acknowledged your stated request "to be present and participate" at the Human Resources interview. While an appearance by an employee's counsel at such a meeting is a deviation from MIC's Human Resources practices, since Mr. Bonomo had refused to attend a meeting absent his counsel's presence, the Company acceded to your request subject to certain very basic ground-rules. I will address your additional demands below.

    *First*, you requested that the interview be tape-recorded and, *second*, that you "have the opportunity to confer with Mr. Bonomo privately at anytime, including while a question is pending". Leaving aside the highly unusual nature of your request, we can arrange for a court reporter to be present who will transcribe the interview meeting, keeping time throughout, and which will reflect any request by counsel to confer with Mr. Bonomo privately.

**PROSKAUER ROSE LLP**

Jeffrey L. Liddle, Esq.
Christine A. Palmieri, Esq.
May 22, 2007
Page 2

*Third*, turning to your request that "one subject must be off limits – Mr. Bonomo's reasons for not reporting the incident with Mr. Furuichi sooner", this is clearly a proper subject for inquiry under MIC's policies. Nevertheless, because MIC wishes to facilitate the meeting, and in furtherance of its commitment to a discrimination-free and harassment-free workplace, MIC will respect your wishes *provided* you agree that a statement to this effect be made by Mr. Lovell at the outset of the interview: "as a pre-condition to this interview, Mr. Bonomo through his counsel, has prohibited questions directed to the reasons for his delay in reporting the alleged incident with Mr. Furuichi to the MIC Human Resources or Legal Departments. As such, that subject will not be part of my questioning, notwithstanding MIC's view that the subject is fully appropriate for this interview".

In light of the above, the revised ground-rules for the conduct of the HR investigatory interview of Mr. Bonomo are as follows: (1) Ms. Palmieri, one of Mr. Bonomo's attorneys, will attend the meeting and will not interrupt or speak for Mr. Bonomo; (2) a court reporter will attend, transcribe, and time the interview including breaks occasioned by counsels' request for an opportunity to confer with Mr. Bonomo; (3) at the conclusion of Mr. Lovell's questioning, Ms. Palmieri can question Mr. Bonomo and/or make a statement (4) and Mr. Bonomo's reasons for not reporting the alleged incident with Mr. Furuichi sooner than the date his draft complaint was received by MIC will be off limits and a statement to this effect will be made by Mr. Lovell at the outset of the interview.

Per our letter dated May 17th, attendance will be limited to those described therein and the interview will go forward this Friday, May 25th at 10:00 a.m. at MIC's offices at 655 Third Avenue.

The courtesy of your anticipated cooperation is appreciated.

Very truly yours,

Fredric C. Leffler

cc:  Paul Salvatore, Esq.

# LIDDLE & ROBINSON, L.L.P.

800 THIRD AVENUE
NEW YORK, N.Y. 10022

(212) 687-8500
FACSIMILE: (212) 687-1505
www.liddlerobinson.com
E-MAIL: jliddle@liddlerobinson.com

MIRIAM M. ROBINSON (RETIRED)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
DAVID I. GREENBERGER
MICHAEL E. GRENERT
JAMES R. HUBBARD
JEFFREY L. LIDDLE
DAVID M. MAREK
CHRISTINE A. PALMIERI
MARC A. SUSSWEIN

JEFFREY ZIMMERMAN
STEPHEN J. STEINLIGHT
ANDREA M. PAPARELLA
REBECCA A. SAENGER
LISA D. SIDMAN
DINA N. WEINBERG
DAVID H. FELDSTEIN
AMY L. STUTIUS*

*AWAITING ADMISSION TO THE BAR

May 24, 2007

<u>VIA FACSIMILE & MAIL / (212) 969-2900</u>

Frederic C. Leffler, Esq.
Proskauer Rose LLP
1585 Broadway
New York, New York 10036

      Re:    <u>James Bonomo v. Mitsubishi International Corporation</u>

Dear Fred:

      We write in response to your letters dated May 22 and May 23 (both of which were received on May 23).

      We confirm our availability to proceed with Mr. Bonomo's interview on Friday, May 25 at 10:00 a.m. We disagree, however, with your position that the timing of Mr. Bonomo's decision to report the event in question is an appropriate subject for the interview. This is not a standard investigation. Had it not been for the fact that Mr. Bonomo hired counsel, and we provided MIC with a draft Complaint detailing the incident, no interview would be taking place. Any subject matter that touches upon information protected by the attorney-client or work product privileges, including but not limited to the timing of Mr. Bonomo's reporting, is not a proper subject of the interview, and Mr. Bonomo will be instructed not to answer any such questions. Furthermore, this is not a pre-litigation deposition. No use other than for purposes of the investigation can be made of this interview, or the transcript. This must be stated on the record by you and your client.

LIDDLE & ROBINSON, L.L.P.

Frederic C. Leffler, Esq.        -2-        May 24, 2007

    Taking your two letters together, it is clear that you and MIC are not focused on determining what actually happened between Mr. Bonomo and Mr. Furuichi, but on preparing a defense to Mr. Bonomo's claims and putting him in the position of offender rather than victim concerning Mr. Furuichi's transfer to New York. Why is it appropriate for you to attend this interview? You are clearly not neutral but instead are management's defense counsel who has responded on behalf of MIC to our draft of Mr. Bonomo's litigation complaint. Are you, and your firm, not conflicted out of being involved as counsel to their "neutral" investigation? This fact alone warrants the additional protections we have requested.

    Finally, if you have in mind a "realistic" resolution to this matter, we suggest you propose it.

                                         Very truly yours,

                                         Jeffrey L. Liddle

**PROSKAUER ROSE LLP**

1585 Broadway
New York, NY 10036-8299
Telephone
212.969.3000
Fax 212.969.2900

LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

Fredric C. Leffler
Senior Counsel

Direct Dial 212.969.3570
fleffler@proskauer.com

May 24, 2007

**OVERNIGHT MAIL AND PDF**

Jeffrey L. Liddle, Esq.
Christine A. Palmieri, Esq.
Liddle & Robinson, LLP
800 Third Avenue
New York, NY 10022

Re: *James Bonomo v. Mitsubishi International Corporation/ HR Investigation and Interview Meeting*

Dear Jeff and Christine:

In light of the serial demands and conditions that Mr. Bonomo/you are placing on MIC's Human Resources investigation of the facts underlying Mr. Bonomo's belated claims of harassment/discrimination, we must have this letter-writing end. On behalf of MIC, Mr. Bonomo has been instructed to attend a Human Resources meeting devoted to the investigation of his claims. Thus far he has refused to attend. Here are the two alternatives "on the table" for his attendance:

*First*, that the investigatory meeting be conducted in the usual manner without the presence of attorneys, court reporters, and/or any transcription; or *second*, alternatively, if Mr. Bonomo insists on his counsel's attendance, that the parties forgo transcription by court reporters and/or electronic devices and/or tape recording.

PROSKAUER ROSE LLP

Jeffrey L. Liddle, Esq.
Christine A. Palmieri, Esq.
May 24, 2007
Page 2

*Third*, because MIC wishes to facilitate this meeting in furtherance of its commitment to a discrimination-free and harassment-free workplace, it will respect Mr. Bonomo's wishes and the condition you insisted upon that: "one subject must be off limits -- Mr. Bonomo's reasons for not reporting the incident with Mr. Furuichi sooner." As MIC disagrees with that condition, we agreed that Mr. Lovell would state at the outset of the interview:

> "as a pre-condition to this interview, Mr. Bonomo through his counsel, has prohibited questions directed to the reasons for his delay in reporting the alleged incident with Mr. Furuichi to the MIC Human Resources or Legal Departments. As such, that subject will not be part of my questioning, notwithstanding MIC's view that the subject is fully appropriate for this interview."

*Fourth*, assuming you will not let this Human Resources fact investigation proceed in the normal manner and Mr. Bonomo will insist upon his counsel's attendance as a pre-condition for the interview, we have agreed on the following basic guidelines: (1) Ms. Palmieri or you will attend the meeting and will not interrupt or speak for Mr. Bonomo; (2) an occasion may arise in the course of the Human Resources Vice-President's questioning where you will want to confer privately with your client; (3) both sides can take notes but there will be no transcription or recording of any sort; (4) notes taken during the session will be afforded no more, nor no less weight than are usually afforded such notes at HR investigatory interviews; (5) at the conclusion of the questioning Ms. Palmieri (or you) can question Mr. Bonomo and/or make a statement; and (6) if counsel attends the meeting on behalf of Mr. Bonomo, then counsel for MIC will also be present.

Please confirm whether Ms. Palmieri or you will be in attendance at the Human Resources investigatory meeting with Mr. Bonomo scheduled for May 25th at 10:00 A.M. at MIC's offices at 655 Third Avenue. I trust you will respond by 8:00 P.M. this evening.

Very truly yours,

Fredric C. Leffler

# PROSKAUER ROSE LLP

1585 Broadway
New York, NY 10036-8299
Telephone
212.969.3000
Fax 212.969.2900

LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

**Fredric C. Leffler**
Senior Counsel

Direct Dial 212.969.3570
fleffler@proskauer.com

May 25, 2007

**FIRST-CLASS MAIL AND PDF**

Jeffrey L. Liddle, Esq.
Christine A. Palmieri, Esq.
Liddle & Robinson, LLP
800 Third Avenue
New York, NY 10022

Re: *James Bonomo v. Mitsubishi International Corporation/*
HR Investigation and Interview Meeting

Dear Jeff and Christine:

    I write in response to Christine's letter dated May 24, 2007, and received that evening.

    Perhaps too many years in the litigation trenches have colored the clarity of your vision. MIC is a good Company and one committed to a discrimination-free/harassment-free environment. There is little question that the Company's Human Resources Department would not be attempting to investigate James Bonomo's claims of a hostile work environment *but for* your sending a draft complaint to MIC. Since, over a two-year period, Mr. Bonomo never brought his issues or concerns to the Human Resources or Legal Department's attention, there was nothing to investigate; now there is, of course, by reason of your lawyer's letter. All MIC is attempting to do here, is that which it would do when any complaint of an alleged hostile work environment comes to its attention – the HR Department conducts an investigation.

    As experienced practitioners in labor and employment law, you fully understand that when an employee makes his first complaint to management through his lawyers, that does not somehow exempt the employee from adhering to Company policies, practices, and standards, particularly with respect to the Human Resources Department's efforts to meet with that employee, hear his claims and evidence, and, as appropriate, attempt to address his concerns. So, let's be clear about this – my Firm is not conducting the interview with Mr. Bonomo. MIC's Senior Vice President of Human Resources, Richard Lovell, is leading the investigation now that Mr. Bonomo has brought concerns (transmitted through your lawyer's letter) to the Company's

**PROSKAUER ROSE LLP**

Jeffrey L. Liddle, Esq.
Christine A. Palmieri, Esq.
May 25, 2007
Page 2

attention. Ordinarily, Mr. Lovell would conduct the interview with Mr. Bonomo and without outside representatives involved. As Mr. Bonomo's lawyers, you have dictated all kinds of pre-conditions for this meeting to occur. As reflected in our letter of late yesterday afternoon, although MIC has tired of all the roadblocks you have thrown in the way of this Human Resources interview with a Company employee, we were authorized to present you two alternatives for conducting this interview, and requested that you choose one, in the hope we could finally reach an agreement. Rest assured, as well, I have no intention of being there.

If, as your letter suggests, the two of you are too busy to accompany Mr. Bonomo to the meeting, then either let him attend alone, as is customary, or please suggest alternate dates for the meeting this coming week. After all, you have set the timetable here by terminating the Tolling Agreement and threatening that a lawsuit will be served/filed "as early as June 13."

Accordingly, please cease the histrionics and unfounded aspersions, you are too experienced for that, and let Mr. Bonomo attend the HR meeting he has been requested to attend. If you wish to accompany him, my letter dated May 24th reflects that MIC has more than accommodated the many conditions you have insisted upon. If you have no intention of letting Mr. Bonomo attend such a meeting then just say so, and let's move on in a professional manner.

Finally, let me reassure you that Mr. Bonomo will not be subjected to retaliation for failing to participate in the investigation and, concomitantly, I am sure you will remind him of his duty to comply with Company policies and standards as is required of all employees. That said, I would be remiss if I did not preserve all potential defenses and counterclaims that may be raised if, as you threaten, a complaint is served/filed.

We remain optimistic that Mr. Bonomo will participate in the Company's investigation. We also reiterate if he/you have evidence buttressing his claims that such information be presented as soon as possible because the Company is committed to taking appropriate action if there is evidence that Mr. Bonomo was subjected to a hostile work environment and/or retaliation. Moreover, this information might influence its settlement posture. Otherwise, if, as you write, "settlement discussions appear to be going nowhere," that is only because of the unrealistic monetary demand Mr. Bonomo has presented to MIC, while not coming forward with any evidence beyond his own self-serving allegations.

Very truly yours,

Fredric C. Leffler

**PROSKAUER ROSE LLP**

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

**Fredric C. Leffler**
Senior Counsel

Direct Dial 212.969.3570
fleffler@proskauer.com

June 7, 2007

**VIA REGULAR MAIL AND PDF**

Jeffrey L. Liddle, Esq.
Christine A. Palmieri, Esq.
Liddle & Robinson, LLP
800 Third Avenue
New York, NY 10022

    Re:   *James Bonomo v. Mitsubishi International Corporation/*
              <u>*HR Investigation and Interview Meeting*</u>

Dear Jeff and Christine:

    It is now almost two weeks since we received your letter relating to Mr. Bonomo's cancellation of his attendance at the May 25th investigatory meeting scheduled by MIC's Human Resources Department to review his claims of alleged harassment and/or discrimination. Notwithstanding my calls to you on the evening of May 24th, and on June 1st, and my letter dated May 25, 2007, neither you nor Mr. Bonomo have reached out to confirm his attendance at an internal HR investigatory meeting on another date. That is the disappointing reality, notwithstanding MIC's concessions to many of your "demands" with respect to counsel's attendance at the HR meeting.

    In addition, we had requested that you forward copies of Mr. Bonomo's evidence buttressing his claims so that MIC's Human Resources Department could consider it in the course of its investigation but none has been forthcoming.

**PROSKAUER ROSE LLP**

Jeffrey L. Liddle, Esq.
Christine A. Palmieri, Esq.
June 7, 2007
Page 2

    In light of the above, MIC will conclude its internal Human Resources investigation, noting Mr. Bonomo's decision not to participate and offer evidence. If Mr. Bonomo has a change of heart, and wishes to provide information to MIC, please let me know that and have him contact Mr. Richard Lovell directly to arrange an interview.

Very truly yours,

Fredric C. Leffler

cc:    Paul Salvatore, Esq.